BLD-126                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1368
_____

IN RE: REINARD SMITH,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:19-cv-04159)

_____

Submitted Pursuant to Fed. R. App. P. 21
April 14, 2022
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: May 19, 2022 )
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Reinard Smith seeks a writ of mandamus.  Because Smith has not

demonstrated that he is entitled to such relief, we will deny his petition.

Smith is currently pursuing an action in the District Court relating to the purchase

and repossession of a car.  In his present mandamus petition, Smith requests that this

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court order the recusal of the presiding District Judge because of alleged bias against Smith, which he argues is apparent from unfavorable rulings by the District Judge, and from alleged delays in the District Court proceedings. He also claims, in conclusory fashion, that the District Judge demonstrated bias against him during a phone conference.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted).

Smith's dissatisfaction with the District Judge's rulings on his motions is not a basis for recusal, see Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."), and Smith has failed to establish that the District Judge was biased against him during the phone conference. Further, no significant delay in the proceedings is apparent from the District Court docket, and there is no further action for the District Court to presently take, as that court recently set a discovery schedule and is

2

awaiting action from the parties.  Thus, we will deny Smith's petition.